UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

URMAT SAMYIBEK-UULU,

    Petitioner,

        v.                        CAUSE NO. 3:26-CV-234-CCB-SJF

BRIAN ENGLISH,

    Respondent.

## OPINION AND ORDER

Immigration detainee Urmat Samyibek-Uulu, a litigant without counsel, filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.[1] (ECF 8.)

Mr. Samyibek-Uulu is a native of Kyrgyzstan who entered the United States without inspection in February 2024. (ECF 13-2 at 3.) He was encountered by U.S. Customs and Border Protection ("CBP") agents a few miles from the U.S.-Mexico border days after his arrival and was briefly taken into custody, but after being served with a notice to appear in immigration court, he was released on his own recognizance due to lack of space at the detention facility. (*Id.* at 3-4.) In May 2024, he was arrested for a domestic violence offense in Ohio; the disposition of this charge is not revealed in the present record. (*See id.* at 3.)

---

[1] The court must give Mr. Samyibek-Uulu's filings liberal construction because he is proceeding without the benefit of counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In November 2025, he was working as a truck driver for an Indiana company and was making a delivery near the U.S.-Canada border. (*Id.*) He attempted to locate a truck stop on his GPS navigation system, but upon realizing the system was routing him into Canada, he stopped his vehicle just short of the border and attempted to turn around. (ECF 8-1 at 1.) He was immediately approached by CBP agents and detained. (ECF 13-2 at 3.) They in turn contacted Immigration and Customs Enforcement (ICE) agents, who took him into custody on November 13, 2025, pursuant to an administrative warrant. (ECF 13-2 at 9.) He was then transferred to Miami Correctional Facility, where he is being held pending the resolution of his removal proceedings. (ECF 1.) He claims that his detention without an opportunity for bond is unlawful. He seeks release from custody or a bond hearing before an immigration judge.[2] (ECF 8, 14.)

In an order to show cause, the court directed the Warden to address the amended petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the

---

[2] The Attorney General, or her delegate, may decide to re-detain a noncitizen who was released on his or her own recognizance where there are "changed circumstances," such as where the noncitizen has an arrest or conviction while on release. *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). Mr. Samyibek-Uulu does not refute the documentation related to his arrest on a criminal charge in May 2024 or argue that changed circumstances were lacking. Instead, as the court understands it, his claim relates to his entitlement to a bond hearing before an immigration judge after his re-detention in November 2025. He also mentions in his reply that he needs relief related to his medical care, but as the court instructed him when the order to show cause was issued, he cannot seek relief related to the conditions of his confinement in this habeas proceeding. *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). Any such claim was dismissed at screening. (*See* ECF 10.)

United States. (ECF 10.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Warden answered the petition (ECF 13), and Mr. Samyibek-Uulu filed a reply (ECF 14).

The Warden repeats his argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Samyibek-Uulu is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because "[h]e entered the country without inspection and has never been legally admitted." (ECF 13 at 6.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States years after their arrival.[3] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

---

[3] The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, ___F.4th___, 2026 WL 819258 (8th Cir. Mar. 25, 2026), reaching a different conclusion about the scope of § 1225(b)(2). These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Samyibek-Uulu who are arrested within the United States years after their arrival.[4] That leads the court to 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the alien; and (2) may release the alien on (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole" (in plain terms, release on one's own recognizance) until removal proceedings conclude. 8 U.S.C. § 1226(a).

Here, Mr. Samyibek-Uulu was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 13-2 at 9.) However, he has not been given an opportunity for a bond hearing before an immigration judge because officials view him as ineligible for bond under § 1225(b)(2). (ECF 13.) This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8

---

[4] Although Mr. Samyibek-Uulu was near the U.S.-Canada border at the time of his detention by U.S. border agents in November 2025, the government does not argue that he is being detained as an "arriving alien." (ECF 13.) Instead, the government argues that because he entered without inspection in 2024 and has never been lawfully admitted, mandatory detention is authorized by 8 U.S.C. § 1225(b)(2). (*Id.*) The court therefore does not explore whether his detention might be authorized under some other statutory provision. *See Clark v. Sweeney*, 146 S. Ct. 410, 412 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (internal citations and quotation marks omitted)).

U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.). If the government does not provide him with an individualized bond hearing then he must be released, because his continued detention without an opportunity for bond is unlawful.[5] 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the amended petition (ECF 8) and ORDERS the Warden to release Urmat Samyibek-Uulu on or before **April 22, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Warden to file proof of compliance with this order by **April 23, 2026.**

SO ORDERED on April 14, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[5] Because the court concludes that Mr. Samyibek-Uulu is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his continued detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").